Judge Simpson
delivered the opinion, of the Court.
The only question of importance in this case is, the one in relation to the admissability as evidence of the judgment in an action of ejectment, in which Cecil’s heirs were the lessors of the plaintiff, and Johnson was *36 the defendant, the judgment having been rendered in favor of the latter.
A judgment in ejectment in behalf of heirs held to be competent evidence in an action of trespass against the widow of the decedent in behalf of the heirs who claim the land.
It has been repeatedly decided by this Court, that a judgment in an action of ejectment, that is not embraced by the act of 1825, (1. Stat. Law 586,) is no bar to a subsequent action of the same kind, between the same parties for the same land. In this case both parties claim under the same title, and do not come within the operation of that Statute.
This it is true, is an action of trespass quare clausum fregit, brought by Johnson for a trespass alleged to have been committed upon the land after the termination of the action of ejectment in his favor. But if the judgment in ejectment would' not be conclusive in another action of ejectment brought by Cecil’s heirs against Johnson for the land, it would follow as a necessary consequence, that it could not legitimately have that effect in an action of trespass between the parties involving the same question.
But although the judgment in ejectment is not conclusive evidence upon the question of title, it is evidence to some extent, in a subsequent action, where the parties are substantially the same, and 'the same matter is involved in the issue between them. But not being conclusive, it can only be regarded as prima facie evidence, liable to be counter-balanced and controlled by the other testimony in the cause, if it be sufficiently satisfactory to produce that result.
It is however contended, that as the heirs of Cecil were the lessors of the plaintiff in the action of ejectment, and the widow is the defendant in this action of trespass, the parties are not the same, and the judg- ' ment in ejectment is not admissable as evidence. It must be recollected however, that the widow, who is the defendant in the present action, claims a right of entry under the title, of Cecil’s heirs, and as the plaintiff can only maintain his action by establishing the fact that he had actual possession of the land at the time the alleged trespass was committed, she can only justify the entry upon his possession, by showing that the he; -- *37 have the title to the land in contest, inasmuch as their title to it was the only one she relied upon, as the same title was involved in the issue in both cases, and the parties were substantially the same, inasmuch as the title is in the heirs for her benefit as well as their own, we think the judgment in ejectment was properly permitted to go before the jury as evidence. (1 Greenleaf on Evidence 573, and note 2,) and the authorities there cited.
Where written' evidence is przma facie only of a fact, it is error for the Court to tell the jury that it is strong and weighty.
We are of opinion however, the Court erred in instructing the jury that the judgment in ejectment was strong and weighty evidence, that the right-of entry to the land in contest was not in Cecil’s heirs, at the time of the trial of the action of ejectment, if that right was the sole question made in that case. The instruction improperly makes the judgment evidence as to the right of entry at the time of trial, instead of the date of the demise, and fails as it should have done, to inform the jury, upon what evidence the right of entry would have been the sole question to be tried in that case, but what is more material it attributes to the judgment, as evidence, more force and conclusiveness than it was entitled to. Strong and weighty evidence, although it may not be conclusive, approximates to it so closely, as to leave little room for discrimination. We regard the judgment in ejectment merely ns prima facie evidence, and think the Court erred in giving to the jury the instruction in the language it used on the occasion.
We have been referred to the case of Pleak vs Chambers (7 B. Monroe 567,) as an authority sustaining the instruction as given by the Court below. There is, however, a substantial distinction between the cases. In that case the verdict and judgment given in evidence, had been rendered in an action of trespass between the same parties, on an issue joined, as to the right of entry at the time of the alleged trespass. In this case the verdict and judgment had been given in an action of ejectment. The verdict and judgment in an action of trespass are conclusive of the rights of the parties, and can be relied upon as a bar in another suit, asserting *38 the same rights and involving the same questions. The verdict and judgment in an action of ejectment, are not conclusive, and cannot be relied upon as a bar to another action between the same parties for the same land, except in the cases embraced by the act of 1825 supra. So that the effect given by law, to a verdict and judgment in an action of trespass is entirely different, to that given by it, to a verdict and judgment in an action of ejectment.
Hazlerigg and Moore for plaintiff; Apperson for defendant.
Wherefore, for the error in the instructions given by the Court, the judgment is reversed, and cause remanded, that a new trial may be granted and further proceedings consistent with this opinion.